UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10033-GAO

THE ALPHAS COMPANY, INC.,
Plaintiff,

v.

JERRY SHULMAN PRODUCE SHIPPER, INC.,
Defendant.

ORDER
September 10, 2012

O'TOOLE, D.J.

The Alphas Company, Inc. seeks to appeal a decision of the Secretary of Agriculture ("USDA") pursuant to 7 U.S.C. § 499g(c). The defendant has moved to dismiss the appeal pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that this court lacks jurisdiction because Alphas failed to comply with statutory requirements.

A person aggrieved by a reparation order of the Secretary made under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., may seek review by a district court by filing an appeal within thirty days of the date of Secretary's decision. 7 U.S.C. § 499(g)(c). The petitioner seeking review must also file a bond. Id. "Such appeal shall not be effective unless within thirty days from and after the date of reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant." Id.

The Secretary issued an order against the plaintiff on December 7, 2011. Alphas filed its petition for review on January 6, 2012, exactly thirty days from the date of the order. However, it did not accompany the petition with the required bond. Alphas filed a bond on January 12, 2012.

The bond, according to its terms, was to be considered retroactively effective as of January 6. The defendant moves to dismiss on the grounds that the court does not have jurisdiction because the plaintiff did not file the bond within the thirty day period established by the statute. The plaintiff argues that the defendant has suffered no prejudice or risk as a result of the delay in filing the bond because the bond was effective as of January 6, 2012, the last day of the thirty day period.

The statutory language is "unambiguous and mandatory." Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 39 (1st Cir. 2012). The First Circuit has explicitly stated that "failure to file the required bond renders a party's appeal ineffective." Thus, the plaintiff's appeal was not effective until January 12, 2012, which is outside the thirty day window established by the statute. The appeal was therefore untimely. Id.

The defendant's Motion to Dismiss (dkt. no. 5) is GRANTED and the appeal is DISMISSED.

Pursuant to the statute, 7 U.S.C. 499g(c), the defendant is entitled to attorneys fees related to opposition to the purported appeal. The defendant shall submit a bill of costs to the court within 30 days of this order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge